IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA

CASE NO.: 19-cv-62947-RKA

HORACIO ALCIDES TIERNO COPIOLI and
MARGARET LAUER

    Plaintiffs,

vs.

COURTYARD HOMES AT THE GROVE
MAINTENANCE ASSOCATION, INC., TROY'S
PROPERTY MANAGEMENT GOUP, LLC d/b/a TPMG
And GRADY LEGAL, P.A.

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

DEFENDANT, GRADY LEGAL, PA files this Answer and Affirmative Defenses and states as follows:

## ANSWER

1. This paragraph contains a recitation of law.  No answer is required.
2. This paragraph contains a recitation of law.  No answer is required.
3. This paragraph contains a recitation of law.  No answer is required.
4. This paragraph contains a recitation of law.  No answer is required.
5. This paragraph contains a recitation of law.  No answer is required.
6. This paragraph contains a recitation of law.  No answer is required.
7. Without knowledge, therefore denied and Defendant demand strict proof thereof.
8. This paragraph contains a recitation of law.  No answer is required.
9. This paragraph contains a recitation of law.  No answer is required.
10. This paragraph contains a recitation of law.  No answer is required.
11. Denied.
12. This paragraph contains a recitation of law.  No answer is required.
13. This paragraph contains a recitation of law.  No answer is required.

14. This paragraph contains a recitation of law.  No answer is required.
15. This paragraph contains a recitation of law.  No answer is required.
16. This paragraph contains a recitation of law.  No answer is required.
17. This paragraph contains a recitation of law.  No answer is required.
18. Admitted for jurisdictional purposes only.
19. Admitted for jurisdictional purposes only.
20. Admitted.
21. Without knowledge and therefore denied.  Defendant demands strict proof thereof.
22. Without knowledge and therefore denied.  Defendant demands strict proof thereof.
23. Admitted
24. Denied
25. Denied
26. Admitted to the extent that the language is contained on a webpage. But denied to any inference that this establishes Defendant as a debt collector.
27. Denied.
28. Denied
29. Without knowledge and therefore denied.  Defendant demands strict proof thereof.
30. Without knowledge and therefore denied.  Defendant demands strict proof thereof.
31. Without knowledge and therefore denied.  Defendant demands strict proof thereof.
32. Without knowledge and therefore denied.  Defendant demands strict proof thereof.
33. Without knowledge and therefore denied.  Defendant demands strict proof thereof.
34. Without knowledge and therefore denied.  Defendant demands strict proof thereof.
35. Without knowledge and therefore denied.  Defendant demands strict proof thereof.
36. Admitted to the extent that Plaintiff was routinely late on maintenance and assessment payments to the Association.  Denied as to all other inference contained therein and Defendant demands strict proof thereof.
37. Denied
38. Denied.
39. Denied
40. Admitted that Grady Legal, PA acted as an agent but denied as to all other inference contained therein.

41. Admitted that Grady Legal, PA acted as an agent for Courtyard Homes at the Grove Maintenance Association, Inc. and provided information from Courtyard Homes at the Grove Maintenance Association's property manager, TPMG.
42. Without knowledge and therefore denied. Defendant demands strict proof thereof.
43. This paragraph is illegible on Defendant's copy and therefore, Defendant cannot formulate response. Page 12 of the Complaint which contains this paragraph is attached hereto.
44. This paragraph is illegible on Defendant's copy and therefore, Defendant cannot formulate response. Page 12 of the Complaint which contains this paragraph is attached hereto.
45. This paragraph is illegible on Defendant's copy and therefore, Defendant cannot formulate response. Page 12 of the Complaint which contains this paragraph is attached hereto.
46. Without knowledge and therefore denied. Defendant demands strict proof thereof.
47. Without knowledge and therefore denied. Defendant demands strict proof thereof.
48. Without knowledge and therefore denied. Defendant demands strict proof thereof.
49. Without knowledge and therefore denied. Defendant demands strict proof thereof.
50. Without knowledge and therefore denied. Defendant demands strict proof thereof.
51. Without knowledge and therefore denied. Defendant demands strict proof thereof.
52. Denied.
53. Admitted
54. The exhibit speaks for itself therefore no response is required.
55. Denied. Plaintiff was routinely late on making maintenance and assessment payments.
56. The exhibit speaks for itself therefore no response is required.
57. Without knowledge and therefore denied. Defendant demands strict proof thereof.
58. Denied.
59. Without knowledge and therefore denied. Defendant demands strict proof thereof.
60. Without knowledge and therefore denied. Defendant demands strict proof thereof.
61. Without knowledge and therefore denied. Defendant demands strict proof thereof.
62. Without knowledge and therefore denied. Defendant demands strict proof thereof.
63. Without knowledge and therefore denied. Defendant demands strict proof thereof.

64. Without knowledge and therefore denied. Defendant demands strict proof thereof.
65. The exhibit speaks for itself therefore no response is required.
66. The exhibit speaks for itself therefore no response is required.
67. Denied
68. The exhibit speaks for itself therefore no response is required.
69. The exhibit speaks for itself therefore no response is required.
70. Denied that Plaintiff called Defendant. Admitted that emails were exchanged with a Margaret Lauer.
71. Denied.
72. Admitted in part and Denied to all other inferences raised in this allegation. Plaintiff was routinely and repeatedly late in making maintenance and assessment payments.
73. Denied.
74. Admitted that attorney fees and costs were due for collection activities as Plaintiff was routinely late on making maintenance and assessment payments.
75. Denied to the extent that Plaintiff is alleging that nothing was due when, in fact, there was a balance due as Plaintiff was routinely late in making maintenance and assessment payments.
76. Admitted to the extent that Courtyard Homes at the Grove Maintenance Association, Inc. filed a foreclosure complaint. Denied as to any inference that Grady Legal, PA was also a party to the foreclosure.
77. Without knowledge and therefore denied. Defendant demands strict proof thereof.

**Count I**

78. This paragraph incorporates prior paragraphs, therefore, no response is required.
79. Denied.
80. Denied
81. Denied
82. Denied
83. Denied
84. Denied
85. Denied
86. Denied

87. Denied as to any allegation that Grady Legal, PA violated FDCPA. Without knowledge and therefore denied. Defendant demands strict proof thereof.
88. Denied
89. Denied
90. Admitted
91. Denied
92. Denied
93. Denied
94. Denied in part. Plaintiff was routinely late on all maintenance and assessment payments.
95. Denied as to any allegation that Grady Legal, PA violated FDCPA. Without knowledge and therefore denied. Defendant demands strict proof thereof.

WHEREFORE, Defendant, Grady Legal, PA requests that this Honorable Court enter judgment in favor of Grady Legal, PA and award attorney fees and costs and any other relief this Court deems just and proper.

## COUNT II

96. This paragraph incorporates prior paragraphs, therefore, no response is required.
97. Denied.
98. Admitted as to the November 27, 2018 letter but Denied as to all other allegations contained therein.
99. Admitted as to the January 14, 2019 letter but denied as to all other allegations contained therein.
100. Denied.
101. Denied.
102. Denied.
103. Denied.
104. Without knowledge and therefore denied. Defendant demands strict proof thereof.
105. Without knowledge and therefore denied. Defendant demands strict proof thereof.
106. Denied
107. Denied.
108. Without knowledge and therefore denied. Defendant demands strict proof thereof.

WHEREFORE, Defendant, Grady Legal, PA requests that this Honorable Court enter judgment in favor of Grady Legal, PA and award attorney fees and costs and any other relief this Court deems just and proper.

109. This is a demand for jury trial and not response is necessary.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (NO STANDING)

As its First Affirmative Defense, Defendant submits that Margaret Lauer does not have standing to assert any violations of the FDCPA or FCCPA as Defendant did not attempt to collect a debt from her. She is not considered a debtor for the purposes of either FDCPA or FCCPA. Further, Ms. Lauer did not have a consumer debt as defined by the FDCPA or FCCPA

### SECOND AFFIRMATIVE DEFENSE
### (BONA FIDE ERROR)

As its Second Affirmative Defense, Defendant submits that any incorrect figure was a bona fide error. Defendant has reasonable processes in place to identify such errors and any error was made in good faith. Defendant relies upon information provided by TPMG and reasonably relied upon information provided of the amounts that are due.

### THIRD AFFIRMATIVE DEFENSE
### (AGENT RELIANCE)

As its Third Affirmative Defense, Defendant submits that it is the agent of the Courtyard Homes at the Grove Maintenance Association, Inc. ("Association") and relies upon the Association's property manager for amounts due on accounts. Grady Legal, Inc. reasonably relied upon the amounts provided by TPMG in the preparation of all correspondence to Horacio Alcides Tierno Copioli.

### FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO DISPUTE THE DEBT)

As its Fourth Affirmative Defense, Defendant submits that Plaintiff failed to dispute the debt within thirty (30) days of the correspondence. Such failure to timely dispute the debt, raises an inference that the Debt is valid.

## FIFTH AFFIRMATIVE DEFENSE
### (DEFENDANT IS NOT A DEBT COLLECTOR)

As its Fifth Affirmative Defense, Defendant submits that it is not a debt collector as defined by the FDCPA and FCCPA.  Defendant does not routinely engage in the collection of debts as part of its law practice and as such, is not subject to the provisions of FDCPA and FCCPA.

## SIXTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

As its Sixth Affirmative Defense, Defendant submits that Plaintiff has unclean hands. Plaintiff was required to pay all quarterly maintenance dues within the first fifteen days of the quarter.  Plaintiff was routinely late and under applicable Florida law, when there is a balance, any payments would first be applied to interest, late fees, attorney fees and costs.  As such, even if an amount was not credited, Plaintiff would still have had a balance subject to collections.

## SEVENTH AFFIRMATIVE DEFENSE
### (BAD FAITH)

As its Seventh Affirmative Defense,  Defendant submits that Plaintiffs' action was brought in bad faith.  First, Margaret Lauer was never contacted to collect a debt, had not incurred a consumer debt and as such, cannot maintain any violations of the FDCPA or FCCPA against her. Second, Plaintiffs knew that they were routinely late in their maintenance payments to the Association which subjected them to late fees, interest, and attorney fees and costs.

WHEREFORE, Defendant requests that this Honorable Court enter judgment in favor of the Defendant, award attorney fees and costs, and any other relief this Court deems just and proper.

/s/ Jacqueline A. Grady
Jacqueline A. Grady
FBN 635871
Grady Legal, PA
1645 SE 3rd Ct.
Suite 204
Deerfield Beach, FL 33441
jackie@gradylegal.com
754.333.0313

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by CM/ECF on January 15, 2020 on all counsel or parties of record on the Service List below.

    /s/ Jacqueline A. Grady
Jacqueline A. Grady
FBN 635871
Grady Legal, PA
1645 SE 3rd Ct.
Suite 204
Deerfield Beach, FL 33441
jackie@gradylegal.com
754.333.0313

## SERVICE LIST

Gregory Light, Esq.
Light & Gonzalez, PLLC
8751 W. Broward Blvd. #209
Plantation, FL 33324
service@lightgonzalezlaw.com
754-900-6545

Diran V. Seropian
Gary R. Shendell
SHENDELL & POLLOCK, P.L.
Attorneys for Courtyard Homes
2700 North Military Trail - Suite 150
Boca Raton, Florida 33431
Phone: (561) 241-2323:
gary@shendellpollock.com
diran@shendellpollock.com
britt@shendellpollock.com