UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
**FORT LAUDERDALE DIVISION**

CASE NO.: 0:19-cv-62947-RKA

HORACIO ALCIDES TIERNO COPIOLI
and MARGARET LAUER

      Plaintiffs,

v.

COURTYARD HOMES AT THE GROVE
MAINTENANCE ASSOCIATION, INC.,
TROY'S PROPERTY MANAGEMENT
GROUP, LLC d/b/a TPMG and GRADY
LEGAL, P.A.,

      Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendants, COURTYARD HOMES AT THE GROVE MAINTENANCE ASSOCIATION, INC. AND TROY'S PROPERTY MANAGEMENT GROUP, LLC, hereby file their Answer and Affirmative Defenses to the Plaintiff's Complaint, stating as follows:

### ANSWER

1. Federal Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

2. Federal Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

3. Federal Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

4. Federal Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

5. Federal Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

6. Federal Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7 of the Complaint and, therefore, denies same.

8. Florida Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

9. Florida Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

10. Florida Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

11. Denied.

12. Federal and Florida Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

13. Federal and Florida Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

14. Federal and Florida Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

15. Federal and Florida Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

16. Federal Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

17. Federal and Florida Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

18. Admitted for jurisdictional purposes only. Otherwise, denied.

19. Admitted for jurisdictional purposes only. Otherwise, denied.

20. Admitted for jurisdictional purposes only. Otherwise, denied.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 21 of the Complaint and, therefore, denies same.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 22 of the Complaint and, therefore, denies same.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 23 of the Complaint and, therefore, denies same.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 24 of the Complaint and, therefore, denies same.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 25 of the Complaint and, therefore, denies same.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 26 of the Complaint and, therefore, denies same.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 27 of the Complaint and, therefore, denies same.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 28 of the Complaint and, therefore, denies same.

29. Admitted.

30. Admitted

31. Admitted for jurisdictional purposes only. Otherwise, denied.

32. Admitted.

33. Admitted.

34. Admitted for jurisdictional purposes only. Otherwise, denied.

35. Denied.

36. Admitted to the extent that Plaintiffs were past due for homeowner's association assessments, fines, and amounts for services rendered. Denied as to all other inference contained therein and Defendants demand strict proof thereof.

37. Denied.

38. Denied.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 39 of the Complaint and, therefore, denies same.

40. Admitted that Grady Legal, P.A. was retained by the Defendants, but denied as to all other inferences therein.

41. Denied.

42. Denied.

43. Denied.

44. Admitted.

45. Admitted.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Admitted.

53. Admitted.

54. Admitted.

55. Denied.

56. Denied as phrased.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 57 of the Complaint and, therefore, denies same.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 58 of the Complaint and, therefore, denies same.

59. Denied as phrased.

60. Admitted.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 61 of the Complaint and, therefore, denies same.

62. Denied.

63. Denied.

64. Denied as phrased.

65. Admitted.

66. Denied as phrased.

67. Denied as phrased.

68. Admitted.

69. Admitted.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 70 of the Complaint and, therefore, denies same.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 71 of the Complaint and, therefore, denies same.

72. Denied.

73. Denied.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 74 of the Complaint and, therefore, denies same.

75. Denied as phrased.

76. Admitted.

77. Denied, and Defendants demand strict proof thereof.

78. Denied.

79. Denied.

80. Denied.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 81 of the Complaint and, therefore, denies same.

82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 82 of the Complaint and, therefore, denies same.

83. Denied.

84. Denied.

85. Denied.

86. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 86 of the Complaint and, therefore, denies same.

87. Denied, and Defendants demand strict proof thereof.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 88 of the Complaint and, therefore, denies same.

89. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 89 of the Complaint and, therefore, denies same.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 90 of the Complaint and, therefore, denies same.

91. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 91 of the Complaint and, therefore, denies same.

92. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 92 of the Complaint and, therefore, denies same.

93. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 93 of the Complaint and, therefore, denies same.

94. Denied as phrased.

95. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 3 of the Complaint and, therefore, denies same. Defendants also demand strict proof thereof.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied, and Defendants demand strict proof thereof.

109. The Defendants take no position.

## DENIAL OF ALL REMAINING ALLEGATIONS

Any allegations that are not specifically responded to or otherwise admitted are hereby denied.

## DEMAND FOR TRIAL BY JURY

THE Defendants, COURTYARD HOMES AT THE GROVE MAINTENANCE ASSOCIATION, INC. AND TROY'S PROPERTY MANAGEMENT GROUP, LLC, demand trial by jury of all issues so triable as a matter of right.

## AFFIRMATIVE DEFENSES

DEFENDANTS, Courtyard Homes at the Grove Maintenance Association, Inc. and Troy's Property Management Group, LLC assert the following affirmative defenses and expressly reserves the right to revise, amend, and/or supplement these affirmative defenses with leave of Court or agreement of counsel, as discovery continues or the facts warrant:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and unclean hands because the claims are related to Plaintiffs' own wrongdoing, *i.e.*, the failure to submit required documentation and/or make payment on monies owed, and they have filed this suit in bad faith in the hopes of avoiding the obligation owed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every portion thereof, fails to set forth facts sufficient to constitute any viable cause of action against Defendants.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Plaintiff has not complied with all conditions precedent to bringing the suit.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the Complaint fails to state a plausible claim upon which relief can be granted because the factual allegations are incomplete and/or do not state a claim for relief under the Fair Debt Collection Practices Act ("FDCPA") or the Florida Consumer Collections Practices Act ("FCCPA") against Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants complied with all statutory, regulatory, and common law requirements.  Accordingly, Plaintiff's claims are barred by Defendants' compliance with all applicable federal, state and local laws and regulations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because, to the extent Defendants engaged in any conduct which may have violated any provision of the FDCPA or the FCCPA, such violation was unintentional, accidental, and as a result of a *bona fide* error which occurred

notwithstanding the maintenance of procedures reasonably adopted to avoid such error and ensure Defendants' compliance with all applicable statutory, regulatory, and common law requirements.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants relied on the advice of counsel and/or other professionals in the draft of the collection letters at issue and such advice was given with fill knowledge of the relevant facts and, thus, Plaintiff's claims are barred.

**WHEREFORE**, Defendants, Courtyard Homes at the Grove Maintenance Association, Inc. and Troy's Property Management Group, LLC respectfully requests that this Honorable Court order that Plaintiffs shall take nothing by this action and go hence without delay, and for such other relief as the Court deems just and necessary.

**SHENDELL & POLLOCK, P.L.**

A*ttorneys for Courtyard Defendants*
2700 North Military Trail  - Suite 150
Boca Raton, Florida 33431
Phone: (561) 241-2323
Fax:    (561) 241-2330

By: s/Diran V. Seropian
     Gary R. Shendell, Esq.
     Florida Bar No. 964440
     Diran V. Seropian, Esq.
     Florida Bar No.:  773476
     gary@shendellpollock.com
     diran@shendellpollock.com
     britt@shendellpollock.com
     grs@shendellpollock.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, this 27th day of January, 2020.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Diran V. Seropian
Diran V. Seropian
Florida Bar No.:  773476

## SERVICE LIST

Gregory Light, Esq.
Light & Gonzalez, PLLC
8751 W. Broward Blvd.
Suite 209
Plantation, FL 33324
service@lightgonzalezlaw.com


Jacqueline A. Grady, Esq.
Grady Legal, PA
1645 SE 3rd Ct.
Suite 204
Deerfield Beach, FL 33441
jackie@gradylegal.com